# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KC PROCESSING COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:25-cv-00059-DGK |
| | ) |
| IAN MARSHALL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This case arises out of a business dispute between a CBD manufacturing company and industrial hemp farmers in Colorado. Plaintiff KC Processing Company, LLC alleges that Defendants breached their contract by failing to supply Plaintiff with 100% of the agreed hemp biomass and are attempting to sell the remaining crop to third parties at a higher price. Defendants have not been served or entered an appearance in this case.

Now before the Court is Plaintiff's Motion for Temporary Restraining Order. ECF No. 2. Plaintiff requests a temporary restraining order enjoining and restraining Defendants from selling, transferring, or moving in any manner, any industrial hemp biomass that they have in their possession, custody, or control. The same motions also seeks a preliminary injunction.

After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met its burden for the Court to issue a temporary restraining order. The request for temporary restraining order is DENIED.

### Background

Plaintiff's allegations are detailed in its Complaint, motion, and suggestions in support of the motion, all of which the Court has carefully reviewed. Compl., ECF No. 1; Mot. for TRO and

Prelim. Inj., ECF No. 2; Suggestions in Supp., ECF No 3.  The allegations will not be repeated here.

**Standard for Issuance of a Temporary Restraining Order**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).  The Eighth Circuit applies the same standards to a request for a preliminary injunction and temporary restraining order.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

The factors this Court considers in any such request are: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest.  *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).  No single factor is determinative; they "must be balanced to determine whether they tilt towards or away from granting" the injunction.  *Noodles Dev., LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).

**Discussion**

I. **Plaintiff has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm.  *See id.* at 1036–37.  Irreparable harm must be certain and imminent such "that there is a clear and present need for equitable relief."  *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).  Possible or speculative harm is not sufficient.  *See Local Union No. 884,*

2

Case 4:25-cv-00059-DGK    Document 5    Filed 01/29/25    Page 2 of 4

*United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone / Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995). "Failure to show irreparable harm is an independently sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, Plaintiff argues—without citation to any caselaw—that it will be irreparably harmed because: (1) its manufacturing operations rely on the specific type of hemp biomass grown by Defendants; (2) other hemp biomass available on the market is of inferior quality; and (3) it will not be able to cover its 24/7 operational costs or meet customer orders. Suggestions in Supp. at 6. While Plaintiff may lose future business or revenue, an award of money damages can compensate it for this loss. Hence, there is no irreparable harm here. *See*, *e.g., Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 300 (8th Cir. 1996) (finding temporary loss of income after being wrongfully terminated does not constitute irreparable injury); *Roberson v. Kansas City S. Ry. Co.*, 616 F. Supp. 3d 928, 940 (W.D. Mo. 2022). As such, the first factor weighs against issuing a temporary restraining order.

**II.     Plaintiff has shown the balance of harms favors issuing a TRO.**

Plaintiff argues that without the issuance of a temporary restraining order the risk to them is great. Namely that its "ability to meet its operational needs, fulfill customer orders, and maintain its business" will be negatively impacted. Suggestions in Supp. at 7. Plaintiff also contends Defendants will not suffer any economic harm because Defendants claim that they have already delivered their entire hemp biomass crop to Plaintiff. That is, according to Plaintiff, any restraint on Defendant's ability to sell or transfer hemp biomass will have no meaningful effect. *See* Compl. ¶¶ 32–34; Suggestions in Supp. at 7. While the second factor marginally favors Plaintiff, it carries minimal weight in the analysis.

3

### III. Plaintiff has shown a likelihood of success on the merits.

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

Here, there is ample evidence in the record that the parties had an agreement surrounding the cultivation and supply of hemp biomass. This suggests that Plaintiff has at least a fair chance of prevailing on at least some of its claims. As such, the third factor weighs in favor of issuing a temporary restraining order.

### IV. The public interest does not weigh in Plaintiffs' favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### V. Plaintiffs have not carried their burden.

After balancing the four factors, the Court holds Plaintiff has not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order. *See Noodles Dev.*, 507 F. Supp. 2d at 1034.

### Conclusion

Plaintiffs' request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed.

**IT IS SO ORDERED.**

Date: January 29, 2025            /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT