# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KC PROCESSING COMPANY, LLC,   )
                            )
     Plaintiff,          )
                            )
     v.                   )          No. 4:25-CV-00059-DGK
                            )
IAN MARSHALL, et al.,        )
                            )
     Defendants.     )

## ORDER ON PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION IN LIMINE

This case arises out of a business dispute between a Missouri CBD manufacturing company and industrial hemp farmers in Colorado. Defendants/Counterclaim Plaintiffs ("Defendants") entered into a growing contract ("the Agreement") with Plaintiff/Counterclaim Defendant KC Processing, LLC ("KCP"), to grow hemp on Defendants' land ("the Farm") and sell it to KCP for KCP's CBD oil production business. The Court has entered summary judgment for Defendants on all of KCP's claims. Order Granting Summ. J., ECF No. 93. Defendants' counterclaim for breach of contract remains.

Now before the Court is KCP's motion in limine, ECF No. 68. KCP seeks to exclude "evidence of Troy Renkemeyer's past bar complaint for breach of privacy and/or his voluntary surrender of his law license" under Federal Rules of Evidence 401 and 404; and (2) evidence of "the wealth and/or poverty of the parties" under Rule 403.

For the reasons discussed below, KCP's motion is GRANTED IN PART and DENIED IN PART.

1

**I.** **KCP's request to exclude evidence of Renkemeyer's bar complaint and surrender of his law license is granted, but evidence of his felony conviction for the same conduct is admissible under Fed. R. Evid. 609(a)(1)(A).**

KCP argues evidence of Renkemeyer's past bar complaint for breach of privacy and voluntary surrender of his law license to the Kansas Supreme Court[1] is inadmissible as both irrelevant and as unduly prejudicial character evidence. *See* Fed. R. Evid. 401, 404(a)(1). KCP is correct as far as the bar complaint and law license go. But, as Defendants point out, that is not the only issue here. Renkemeyer was convicted of felony breach of privacy, K.S.A. 21-6101(a)(6), in the District Court of Johnson County, Kansas, on July 21, 2022, for the conduct underlying the bar complaint and disbarment. *See State v. Renkemeyer*, No. 20CR02447, Journal Entry of Judgment, Doc. 32 (Kan. Dist. Ct. Johnson Co. Dec. 15, 2022). Defendants argue Renkemeyer's conviction must be admitted as impeachment evidence under Fed. R. Evid. 609(a)(2).

Under Rule 609(a)(2), "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Renkemeyer pled guilty to "intentionally and without lawful authority . . . installing or using any device or software to record or view, by electronic or other means, the nude body of, or the undergarments worn by, another identifiable person without the consent or knowledge of that other person, with the intent to invade the privacy of that other person, under circumstances in which that other person has a reasonable expectation of privacy." K.S.A. 21-6101(a)(6). This is a severity level 8, person felony in Kansas. *Id.* (b)(2)(A).

Defendants argue this breach of privacy conviction must be admitted under Rule 609(a)(2), because the statutory element "without the consent or knowledge" is consistent with the Rule's

---

[1] *See Matter of Renkemeyer*, 512 P.3d 230 (Kan. 2022)

"dishonest act or false statement" requirement. Plaintiff offers no reply, and the time to do so has passed.

Defendants offer no legal authority to show that a crime like Kansas's breach of privacy offense necessarily requires a dishonest act or false statement. Usually, the statutory elements of the crime make clear that a dishonest act or false statement is a necessary part of the offense itself. *See* Fed. R. Evid. 609 advisory committee note to 2006 amendment ("Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement."); *Jones v. Davis*, No. 4:17-CV-02875-SEP, 2022 WL 656128, at *1 (E.D. Mo. Mar. 4, 2022) (same); *United States v. Collier*, 527 F.3d 695, 699 (8th Cir. 2008) (explaining crimes admissible under Rule 609(a)(2) are "offense[s] in the nature of *crimen falsi*, commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully") (citing Fed. R. Evid. 609 advisory committee note to 1990 amendment). The rule captures "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense." *Collier*, 527 F.3d at 699 (citing Fed. R. Evid. 609 advisory committee note to 1990 amendment).

The elements of K.S.A. 21-6101(a)(6) do not identify dishonesty or false statement as an element. And while recording someone in a state of undress "without" the person's "consent or knowledge" is a troubling act of stealth and raises questions about the perpetrator's integrity, it is not an act of dishonesty for purposes of Rule 609(a)(2). *See, e.g.*, *United States v. Yeo*, 739 F.2d 385, 387–88 (8th Cir. 1984) (holding that a crime (theft) that generally only "involves stealth and shows a lack of respect for the persons or property of others" is not a crime of "dishonesty or false statement" within the meaning of Rule 609(a)(2)). Moreover, construing "without consent or knowledge" as an act of dishonesty under Rule 609(a)(2) would make the rule reach far too

broadly. *See* Fed. R. Evid. 609 advisory committee note to 2006 amendment ("The [2006] amendment is meant to give effect to the legislative intent to limit the convictions that are to be automatically admitted under subdivision (a)(2).").

But that is not to say Renkemeyer's conviction is inadmissible altogether. Under Rule 609(a)(1)(A), evidence of a felony conviction must be admitted for impeachment purposes in a civil trial unless its probative value is substantially outweighed by a danger of unfair prejudice under Rule 403.

The Court holds that the probative value of the conviction as to Renkemeyer's credibility is not substantially outweighed by unfair prejudice to KCP. "Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) (citation omitted). Unfairly prejudicial evidence is evidence that is "so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial." *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (citation omitted).

Under this standard, Renkemeyer's conviction for felony breach of privacy is admissible under Rule 609(a)(1)(A). There are crimes that do not contain a specific statutory element of deceit or dishonesty that nevertheless can call a person's credibility into question. K.S.A. 21-6101(a)(6) is one of those crimes. The Eighth Circuit has recognized that "Rule 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Am. Mod. Home Ins. Co. v. Thomas*, 993 F.3d 1068, 1071 (8th Cir. 2021) (noting) (citation and internal quotation marks omitted). That logic applies to the crime here, because it involves violating a person's intimate

bodily privacy by secretly making a recording of the person in a state of undress without the person's consent.

And when, as here, the jury must decide between parties' differing accounts of a dispute, witness credibility is "paramount." *Id.* at 1071. Renkemeyer is one of KCP's corporate witnesses, and his deposition is a prominent source of evidence in this case. His credibility is paramount, and his conviction for breach of privacy is highly probative of that credibility. And while evidence that Renkemeyer "once committed a sexual crime[2] may be prejudicial, [the Court] do[es] not believe that it is unfairly prejudicial." *United States v. Mosby*, 101 F.3d 1278, 1283–84 (8th Cir. 1996); *see also Am. Mod. Home Ins. Co.*, 993 F.3d at 1072 (same).

The Court also notes Renkemeyer's sworn deposition testimony concerning the bar complaint and surrender of his law license appears to be inconsistent with his admission to the elements of K.S.A. 21-6101(a)(6). The following exchange concerning the surrender of Renkemeyer's law license occurred during his deposition:

Q. [Defendants' counsel Hansmann] Did you turn your license in or was it –

A. [Renkemeyer] I -- I surrendered it.

Q. Was there any ethical charges against you when you surrendered it?

A. Yeah. I -- so that's why I surrendered it. I had an ethical charge against me for breach of privacy.

Q. Did that have anything to do with KC Processing?

A. No.

Q. Did it have to do with your -- some client you had as -- as a tax lawyer?

A. No. It had to do with my – it's kind of embarrassing. My wife and I were in our office bathroom after a party one night. We had a camera in there and left it on

---

[2] As of May 12, 2022, two months before Renkemeyer pled guilty to breach of privacy, violators of K.S.A. 21-6101(a)(6) are listed as sex offenders in the Kansas criminal code. K.S.A. 22-4902(b)(7) ("'Sex offender' includes any person who is convicted of breach or privacy, as defined in K.S.A. 21-6101(6) . . . .").

5

the table by accident overnight. And in the morning, a lady across the hall came into our office -- she's from a different office and early that morning, and she used the bathroom. I guess it triggered it to turn on by motion or something, and so she got filmed.

Q. Gotcha. I guess she ended up filing the Bar complaint?

A. I think I -- I don't even know.

Renkemeyer Dep., p. 11.1–24, ECF No. 56-4 at 4. This appears to contradict the elements of the crime to which Renkemeyer pled guilty (i.e. "intentionally . . . installing . . . with the intent to invade the privacy of").

KCP's request to exclude evidence of Renkemeyer's bar complaint and surrender of his law license is GRANTED. The Court holds evidence of Renkemeyer's felony conviction for breach of privacy is admissible under Rule 609(a)(1)(A), but the Court will give a limiting instruction.

## II.     KCP's request to exclude evidence of the parties' wealth and/or poverty is denied.

KCP asserts that a party's financial status is irrelevant, confusing, and will create a substantial danger of undue prejudice. Defendants argue their financial status is relevant because it explains why they did not tend the hemp crop when KCP did not timely pay the remaining $200,000 of the deposit.

"The Eighth Circuit has recognized that where an inquiry into a party's financial status throws no light upon the issues to be tried by the jury such evidence should be excluded." *Major Brands, Inc. v. Mast-Jagermeister US, Inc.*, No. 4:18 CV00423HEA, 2021 WL 2634665, at *2 (E.D. Mo. June 25, 2021) (cleaned up) (citing *Union Elec. Light & Power Co.*, 65 F.2d 297, 303 (8th Cir. 1933). Here, Defendants' financial status does throw light on the issues in this case, particularly KCP's defense that Defendants were first to breach the parties' contract and failed to mitigate their damages, Answer to Countercl., ECF No. 35 at 6. Defendants' lack of resources—

6

allegedly due to KCP's refusal to pay—could explain why they did not tend to the hemp field from August through harvest and could support their claim that they did all they could reasonably do under the circumstances. As such, Defendants' financial situation is relevant, and KCP's conclusory assertion to the contrary does not show any reason why it is inadmissible.

KCP's request to exclude evidence of the parties' financial situations is DENIED.

## Conclusion

For the reasons stated above, Plaintiff/Counterclaim Defendant KCP's motion is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Date: July 27, 2026          /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT