**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| KC PROCESSING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00059-DGK |
| | ) | |
| IAN MARSHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION IN LIMINE

This case arises out of a business dispute between a Missouri CBD manufacturing company and industrial hemp farmers in Colorado. Defendants/Counterclaim Plaintiffs ("Defendants") entered into a growing contract ("the Agreement") with Plaintiff/Counterclaim Defendant KC Processing, LLC ("KCP"), to grow hemp on Defendants' land ("the Farm") and sell it to KCP for KCP's CBD oil production business. The Court has entered summary judgment for Defendants on all of KCP's claims. Order Granting Summ. J., ECF No. 93. Defendants' counterclaim for breach of contract remains.

Now before the Court is Defendants Thunderstruck Hops, Inc., and Christopher Pfifer's motion in limine, ECF No. 67. Defendants raise multiple points. The Court rules as follows:

I. **Defendants' request to exclude KCP's counsel's personal opinions or beliefs is granted and applies equally to Defendants' counsel.**

Defendants cite the ABA's Model Rules, which forbid lawyers from stating personal opinions during trial. *See* ABA Model Rule 3.4(e). KCP does not object and asks only that the prohibition on counsel opinions be applied equally to Defendants' counsel. The Court GRANTS Defendants' request and applies the prohibition against counsel opinion at trial equally to

1

Defendants' counsel.

## II.     Defendants' request to exclude KCP's anticipated "Golden Rule Arguments" is granted and applies equally to Defendants.

"A so-called 'golden rule' argument which asks the jurors to place themselves in the position of a party is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) (citation and internal quotation marks omitted).  Defendants anticipate KCP may ask the jurors to place themselves in KCP's position when awarding damages.  Defendants argue this would amount to a forbidden "golden rule" argument.  KCP does not object to the prohibition of such arguments on its side and asks only that the prohibition be applied equally to Defendants.  The Court GRANTS Defendants' request and applies the prohibition against golden rule arguments equally to Defendants.

## III.    Defendants' request to exclude arguments that Defendants prevented KCP access to the Farm for inspection is granted.

In its order granting Defendants summary judgment on KCP's breach of contract claim, it was an undisputed fact that Defendants never explicitly denied KCP access to the Farm for inspection, and the Court held that Defendants had not breached the Agreement in that respect. Order Granting Summ. J., ECF No. 93 at 9 ("KCP offers no evidence that Defendants refused to allow KCP 'free and easy access' to the Farm, as required by the Agreement.  Marshall's apparent unavailability before August 1, 2024, did not render the Farm itself, which was owned by Thunderstruck, inaccessible.  And the parties agree that KCP was never explicitly denied access to the Farm.").  Accordingly, Defendants' request is GRANTED, and KCP shall not argue that Defendants prevented KCP access to the Farm for inspection.

**IV.     Defendants' request to exclude arguments that an inspection of the Farm is a condition precedent to KCP's full payment of the deposit is granted.**

In its order granting Defendants summary judgment on KCP's breach of contract claim, the Court held "the Agreement [does not] make payment of any part of the deposit contingent on an inspection." Order Granting Summ. J., ECF No. 93 at 9. Accordingly, Defendants' request is GRANTED, and KCP shall not argue an inspection of the Farm is a condition precedent to its obligation to pay any part of the deposit.

**V.     Defendants' request to exclude evidence of its liability insurance is granted.**

"Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. Defendants argue that none of Rule 411's exceptions apply to this case.[1] KCP does not object with respect to any award of damages but argues that KCP should be allowed to inquire about Defendants' insurance to prove whether Defendants breached the Agreement because it required Defendants to maintain sufficient insurance.

Whether Defendants have insurance is not a fact at issue in this case. Nowhere in the record has KCP alleged that Defendants do not have insurance and therefore breached the Agreement. Under these circumstances, the Court holds that the probative value, if any, of Defendants' insurance is substantially outweighed by a danger the jury would be unfairly prejudiced in its decision, particularly in awarding damages, even if the Court gives a limiting instruction. Fed. R. Evid. 403; *Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1570 (8th Cir. 1991) (A jury's knowledge of insurance and consequent reduction of damages "is the kind of prejudice

---

[1] The Court has held Defendants are a de facto partnership, Order Granting Summ. J., ECF No. 93 at 7, so any question as to "agency, ownership, or control" has already been resolved.

3

Rule 411 was intended to eliminate."). Accordingly, Defendants' request is GRANTED, and KCP shall not inquire as to Defendants' possession of liability insurance.

## VI. Defendants' request to exclude arguments that Defendants remain in possession of hemp biomass or sold hemp biomass to a third party is granted.

In its order granting Defendants summary judgment on KCP's claims for injunctive relief, specific performance, conversion, and replevin, the Court noted "KCP has admitted it has no evidence that Defendants sold biomass to third parties during the Agreement period. And it offers no evidence that Defendants withheld biomass during the Agreement period." Order Granting Summ. J., ECF No. 93 at 12. Accordingly, Defendants' request is GRANTED, and KCP shall not argue Defendants remain in possession of hemp biomass or sold hemp biomass to a third party.

## VII. Defendants' request to exclude parole evidence, negotiation history, and non-contractual dealings is granted.

Defendants argue that, in light of the Agreement's integration clause, any parole evidence, negotiation history, or non-contractual dealings are irrelevant, prejudicial, not probative, and misleading. KCP argues the agreement the parties made whereby KCP would pay the final $200,000 of the deposit once it inspected the Farm is relevant to (1) whether Defendants breached the Agreement by failing to permit KCP to inspect the Farm and (2) whether KCP failed to pay the final deposit installment in a timely manner. The Court rejected these arguments at summary judgment as to KCP's breach of contract claim. Order Granting Summ. J., ECF No. 93 at 9–10. Accordingly, Defendants' request is GRANTED, and KCP shall not present parole evidence, negotiation history, or non-contractual dealings.

## VIII. Defendants' request to exclude arguments on unilateral termination of the Agreement is granted.

Defendants argue KCP should not be able to argue they had a right to unilaterally terminate the Agreement based on KCP's belief that Defendants breached the Agreement, because the

4

Agreement expressly forbids either party from unilaterally terminating the Agreement. KCP argues evidence of its belief that Defendants had breached and that it had a right to terminate is relevant and admissible.

Section 8 of the Agreement states, "Neither party may terminate this Agreement unless mutually agreed to by both parties, or at the election of one party upon the opposing party becoming insolvent, filing a petition for bankruptcy or the commencement of proceedings relating to bankruptcy, receivership, reorganization or assignment for the benefit of creditors." ECF No. 67-2 at 3. KCP offers no legal authority for why evidence of its beliefs about the meaning of the Agreement is relevant to whether it breached the Agreement. And Missouri has long applied the objective theory of contracts, which looks to the "objective manifestations" of the parties as "expressed by the natural and ordinary meaning of the language in the contract. A person's subjective intent is irrelevant." *Bringer v. Bringer*, 728 S.W.3d 631, 640 (Mo. Ct. App. 2025) (citations and internal quotation marks omitted). The Agreement plainly means that KCP had no right to unilaterally terminate the contract under the facts of this case, even if Defendants had breached. KCP's beliefs or subjective intent to the contrary are irrelevant.

Accordingly, Defendants' request is GRANTED, and KCP shall not argue that its belief about its right to unilaterally terminate the Agreement excused its performance.

## IX. Defendants' request to exclude KCP's non-expert evidence on lost profits is granted.

The Court has granted Defendants summary judgment on all of KCP's claims. Order Granting Summ. J., ECF No. 93. KCP's alleged damages are therefore no longer relevant. Accordingly, Defendants' request is granted. Fed. R. Evid. 402.

**X. Defendants' request to exclude any argument that the Agreement is a service contract based on its title is granted.**

Defendants assert that arguments about the nature of the Agreement based on its title ("Hemp Farm Service Agreement") would be highly prejudicial and confusing to the jury. KCP asserts the title and purpose of the Agreement are relevant and admissible. Both parties' positions are conclusory, though both parties made more thorough arguments on this issue at summary judgment. *See* ECF No. 58 at 11–13; ECF No. 61 at 22. In its order granting Defendants summary judgment, the Court held that KCP's breach of contract claim failed whether the Agreement was governed under the Uniform Commercial Code ("UCC") or under the common law, i.e., whether the Agreement is a contract for goods or for services. Order Granting Summ. J., ECF No. 93 at 8. The Court therefore declined to decide the issue. Because the parties reassert the issue here and have already briefed it, the Court will decide it now out, as it may prove relevant to Defendants' counterclaim or KCP's defenses.

As a preliminary matter, in its summary judgment briefing, KCP asserted, without legal support, that deciding whether the UCC applies to the Agreement by determining its "predominant purpose" is a question of fact for the jury (and therefore inappropriate for summary judgment). That is wrong. "[C]ontract interpretation is a question of law. . . . Judges, not juries, interpret contracts." *Webbe v. Keel*, 369 S.W.3d 755, 756 (Mo. Ct. App. 2012) (citations omitted); *see also Jones v. Galaxy 1 Mktg., Inc.*, 478 S.W.3d 556, 571 (Mo. Ct. App. 2015) (affirming trial court's holding as to the predominant purpose of contract at summary judgment and affirming the trial court's grant of summary judgment).

When, as here, a contract has language related to both goods and services, "the test for whether the UCC applies is whether the predominant purpose of the contract is to render services with goods incidentally involved, or to transact a sale with labor incidentally involved." *U.S.*

*Neurosurgical, Inc. v. St. Luke's Cancer Inst., L.L.C.*, 328 S.W.3d 234, 237 (Mo. Ct. App. 2010). Defendants point to § 3(a) of the Agreement to show the Agreement is predominantly a contract for the sale of goods subject to the UCC: "[KCP] agrees to purchase the Product [i.e., hemp biomass] that meets the specifications set forth [in the Agreement], for a purchase price according [to] the potency of the Product as set forth in Schedule A." KCP points to the title of the Agreement, "Hemp Farm Services Agreement," and argues the primary purpose of the Agreement was for Defendants to provide hemp farming services.

Defendants are correct. The Agreement is a mixed contract, but its predominant purpose was for Defendants to sell goods—hemp biomass—to KCP with labor incidentally involved. Section 2 of the Agreement states, "FARMER's main obligation is to produce hemp biomass for [KCP]." And the Agreement focuses throughout on various aspects Defendants' sale of the biomass to KCP: FARMER shall tender 100% of biomass to KCP (2(b)); FARMER shall not allow any encumbrances on the biomass other than those involving KCP (2(c)); FARMER shall allow inspection of the biomass (2(d)); KCP shall buy biomass that meets specifications and pay according to potency (3(a)); KCP may reject biomass based on CBD content or moisture (4(c)); KCP bears risk of loss of biomass after shipping (6(b)). And KCP's original lawsuit itself shows that the predominant purpose of the Agreement was for KCP to buy hemp biomass from Defendants. Of KCP's nine original causes of action, only one (Negligence, Count IX) focuses on Defendants' labor under the Agreement. KCP's claims for breach of contract, unjust enrichment, injunctive relief, specific performance, conversion, replevin, and negligent and fraudulent misrepresentation are all about various aspects of KCP's purchase of the hemp biomass from Defendants. Therefore, the Court holds as a matter of law that the predominant purpose of the Agreement is Defendants' sale of hemp biomass to KCP, and the UCC applies.

Accordingly, Defendants request is GRANTED, and KCP shall not argue that the Agreement is a service contract.

Defendants' remaining requests (to exclude character evidence and previously undisclosed evidence) amount to requests to enforce the rules of evidence and civil procedure. In the past, the Court has denied such requests for lack of specificity because they are effectively advisory opinions and waste the Court's time. *See RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-CV-06037-DGK, 2021 WL 4258747, at *2 (W.D. Mo. Sept. 17, 2021) ("Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony." (internal quotation marks omitted)). While Defendants here do offer some specificity in their requests, they are asking for nothing more than the Court's enforcement of the rules. Accordingly, these general requests are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: July 27, 2026          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT

8